UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LEROY HENRY** | * | CIVIL ACTION NO.: |
| | * | |
| | * | |
| **VERSUS** | * | |
| | * | JUDGE: |
| | * | |
| **COOPER/T. SMITH STEVEDORING** | * | MAGISTRATE: |
| **COMPANY, INC., ET AL** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**NOTICE OF REMOVAL OF CIVIL ACTION
UNDER BANKRUPTCY JURISDICTION**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TO THE CLERK OF COURT:**

**PLEASE TAKE NOTICE** that Defendant, Neeb Kearney & Company, Inc. ("Neeb Kearney"), with full reservations of any and all exceptions, rights, defenses, and objections, hereby give notice of the removal to this Court of the State Court Action described and, in support, states as follows:

**BACKGROUND**

1.

Leroy Henry filed an *Ex Parte* Petition to Perpetuate Testimony Pursuant to La. C.C.P. Articles 1429 – 1430.1 on December 20, 2013 in Civil District Court for the Parish of Orleans, State of Louisiana entitled *In Re: Leroy Henry*, Case No. 13-12146, Division D.  Subsequently, on June 2, 2014, Leroy Henry filed a Petition for Damages in Civil District Court for the Parish of Orleans, State of Louisiana entitled *Leroy Henry v. Cooper/T. Smith Stevedoring Company, Inc., et al*, Case No. 14-5412, Division G.  On July 18, 2014, the Court issued a Judgment consolidating and transferring Case No. 14-5412 with Case No. 13-12146 (hereinafter "State Court Lawsuit").  Following Leroy Henry's death, a First Supplemental and Amended Petition

1

was filed substituting in Mr. Henry's children, Amos Henry, Sharon Henry, Dymous Henry, Phyllis Henry, Cynthia Henry, Jerome Henry, Bryan Henry, and Shawn Henry Noble, as named Plaintiffs in the consolidated proceedings.

2.

Neeb Kearney is a defendant in the State Court Lawsuit. Neeb Kearney has answered Plaintiffs' Petitions, denied liability, and pleaded the affirmative defense of discharge in bankruptcy.

3.

Neeb Kearney is filing herewith as Exhibit 1 (with subparts A and B) copies of all process, pleadings, notices and orders filed in the State Court Lawsuit.

4.

Plaintiffs assert wrongful death claims and a survival action based upon Leroy Henry's alleged occupational exposure to asbestos along the New Orleans riverfront from approximately 1950 through the 1960s, his development of mesothelioma, and his subsequent death on October 4, 2014. Specifically, plaintiffs allege that Leroy Henry worked as a freight/cargo handler and longshoreman and was exposed to asbestos during the unloading and loading of asbestos cargoes containing raw asbestos fiber and asbestos-containing products from/onto vessels and/or railroad boxcars.

5.

Mr. Henry is alleged to have worked as an employee for Neeb Kearney at various and sporadic times during 1951 – 1952 and 1960 – 1967.

6.

In addition to Neeb Kearney, Plaintiffs have named numerous other defendants, including employer defendants, asbestos contractor defendants, vessel owners, and railroad defendants. At this point, the following defendants, in addition to Neeb Kearney, remain in the State Court Lawsuit: Ports America Gulfport, Inc.; Certain Underwriters at Lloyd's London; Asbestos Corporation, Ltd.; James J. Flanagan Shipping Corporation; Hartford Accident and Indemnity Company; SSA Gulf, Inc.; Eagle, Inc.; Crowley Marine Services, Inc.; Waterman Steamship Corporation; CSX Transportation, Inc.; Illinois Central Railroad Company; Kansas City Southern Railway Company; and New Orleans Public Belt Railroad.

7.

On September 1, 1982, Neeb Kearney filed a Petition for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Eastern District of Louisiana entitled *In Re: Neeb Kearney and Company, Inc.*, Case No. 82-01724.[1]

8.

Following confirmation of the Chapter 11 plan of reorganization, on December 2, 1987, the United States Bankruptcy Court for the Eastern District of Louisiana issued a Final Decree relative to Neeb Kearney's Chapter 11 bankruptcy pursuant to the United States Bankruptcy Code.[2] The Final Decree closed the estate of Neeb Kearney and discharged all claims which arose against Neeb Kearney's estate prior to its September 1, 1982 Petition under Chapter 11 of the United States Bankruptcy Code. Specifically, the Final Decree stated as follows:

> The Reorganization Plan of the Debtor has been fully consummated, IT IS

---

[1] *See* Exhibit 2, Docket Report.  Other than the Docket Report attached as Exhibit 2 and the Final Decree, Neeb Kearney has been unable to locate any other pleadings filed in the bankruptcy proceedings due to the case record being purged by order of the court (*see* November 18, 2013 National Archives and Records Administration Notice attached hereto as Exhibit 3).
[2] Exhibit 4, December 2, 1987 Final Decree.

> ORDERED, ADJUDGED, DECREED that except as provided in 11 U.S.C. § 1141(d)(2) and § 1141(d)(3), the provisions of the confirmed Plan bind the Debtor . . . and any creditor . . . of the Debtor, whether or not the claim or interest of such creditor, . . . is impaired under the Plan, and whether or not such creditor has accepted the Plan.
>
> \* \* \* \*
>
> That except as provided in the Plan or in the Order confirming the Plan, the property dealt with by the Plan is free and clear of all liens, claims and interest of creditors . . . of the Debtor.
>
> That except as provided in 11 U.S.C. § 1141(d)(2) and § 1141(d)(3), and except as otherwise provided in the Plan or in the Order confirming the Plan, the *Debtor is discharged from any debt that arose before the date of the Order confirming the Plan* . . . .
>
> All creditors of, claimants against, stockholders of, and persons having or claiming interests of any nature whatsoever in the property and assets of said Debtor be, and they hereby are, enjoined and stayed from pursuing or attempting to pursue any action, commencing or continuing in the action, employing any process, or any act against said Debtor or its property, on account of or based upon any right, claim, or interest which any such creditor, claimant, stockholder, or other person may have had at the date of the filing of the Debtor's Petition hereunder Chapter 11 of the United States Bankruptcy Code.

9.

Leroy Henry is alleged to have been exposed to asbestos during his employment with Neeb Kearney during the years 1951 – 1952 and 1960 – 1967. As a result, whatever exposure to asbestos Leroy Henry may have suffered as a result of Neeb Kearney occurred before the Chapter 11 Petition was filed and the Final Decree was issued. Thus, pursuant to Federal bankruptcy law, Leroy Henry's claims against Neeb Kearney were discharged upon confirmation of the Plan and the entry of the Final Decree.

10.

On October 13, 2014, Neeb Kearney filed a Motion for Summary Judgment in the State Court Lawsuit seeking dismissal of plaintiffs' claims on the basis of discharge in bankruptcy and the December 2, 1987 Final Decree issued by the United States Bankruptcy Court for the Eastern District of Louisiana.  Neeb Kearney submits that Plaintiffs' claims against Neeb Kearney in the State Court Lawsuit were discharged by virtue of the Chapter 11 proceedings and Final Decree.  Neeb Kearney further submits that the discharge injunction contained in the Final Decree prohibits the Plaintiffs from pursuing their claims in the State Court Lawsuit against Neeb Kearney.

11.

After continuing the hearing date by consent of parties several times, Neeb Kearney's motion was set for hearing on November 13, 2015.  By agreement of the parties, the motion was submitted on the briefs without oral argument.  On February 25, 2016, the Court denied Neeb Kearney's Motion for Summary Judgment.  Notice of Signing of Judgment was mailed on February 29, 2016, and Neeb Kearney, through undersigned counsel, received the Notice of Signing of Judgment and Judgment on March 2, 2016.[3]

**BANKRUPTCY JURISDICTION**

12.

Pursuant to 28 U.S.C. §§ 157, 1334, 1441, 1452, this Court has jurisdiction over this matter based upon bankruptcy jurisdiction.

13.

The State Court Lawsuit is a core proceeding as per 28 U.S.C. § 157(b)(2)(I) and (L), and it invokes substantive rights provided to Neeb Kearney under 11 U.S.C. §§ 1141(d) and 524.

14.

---

[3] *See* Exhibit 5, February 25, 2016 Judgment on Neeb Kearney's Motion for Summary Judgment.

The State Court Lawsuit is a civil proceeding over which this Court has subject matter jurisdiction under the provisions of 28 U.S.C. § 1334, because it arises under the Bankruptcy Code, and because it arises in and/or is related to Neeb Kearney's Chapter 11 bankruptcy.

15.

The outcome of the State Court Lawsuit certainly will have an effect on Neeb Kearney's estate and its prior discharge of all claims.

16.

Furthermore, as this matter concerns exposure and claims which pre-date Louisiana's application of comparative fault principles, this matter will be governed by solidary liability between joint tortfeasors and the potential resulting claims for contribution between those defendants ultimately found to be at fault. Thus, Plaintiffs' claims against all defendants in the State Court Lawsuit, at the very least, are "related to" Neeb Kearney's bankruptcy. Consequently, Neeb Kearney submits that this Court has subject matter jurisdiction over the entirety of the present matter pursuant to 28 U.S.C. § 1334(b).

17.

Neeb Kearney further asserts that this Court has subject matter jurisdiction over Plaintiffs' claims against Neeb Kearney's co-defendants by virtue of 28 U.S.C. § 1367 supplemental jurisdiction.

## **REMOVAL IS PROPER**

18.

Prior to the denial of Neeb Kearney's Motion for Summary Judgment in the State Court Lawsuit, Neeb Kearney had essentially identical motions for summary judgment granted in the only two other pending asbestos exposure lawsuits against Neeb Kearney – *Patrolia v. Asbestos*

*Corp., et al.* (Docket No. 2010-7594, Division L, Civil District Court for the Parish of Orleans, State of Louisiana) and *Cuttie J. Thomas v. Eagle, Inc., et al.* (Docket No. 2011-03780, Divisions J, Civil District Court for the Parish of Orleans, State of Louisiana).

19.

Until the summary judgment denial in the State Court Lawsuit, Neeb Kearney had no knowledge or reasonable basis to believe that the state court would undermine and disregard the December 2, 1987 Final Decree issued by the United States Bankruptcy Court for the Eastern District of Louisiana.

20.

This Notice of Removal is filed timely pursuant to 28 U.S.C. § 1446(b)(3), as it is filed within 30 days of receipt by Neeb Kearney of the State Court Notice of Signing of Judgment and Judgment denying Neeb Kearney's Motion for Summary Judgment based on discharge in bankruptcy.

21.

Consent to removal by all defendants is not required pursuant to 28 U.S.C. § 1452.

22.

The United States District Court for the Eastern District of Louisiana is the federal judicial district court embracing Civil District Court for the Parish of Orleans, where the State Court Lawsuit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. §§ 1441(a) and 1452.

23.

The claims asserted by Plaintiffs against Neeb Kearney, as well as those asserted by Plaintiffs against all defendants, in the State Court Lawsuit may be removed to this Court

pursuant to 28 U.S.C. § 1452(a), which provides that "[a] party may remove any claim or cause of action in a civil action… to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

24.

Accordingly, removal of the State Court Lawsuit to this Court is proper.

25.

Promptly after the filing of this Notice of Removal to the United States District Court for the Eastern District of Louisiana, Neeb Kearney will provide copies of this Notice and all attachments to all counsel of record, and a copy of this Notice will be filed with the Clerk of aforesaid State Court to effect the removal of this civil action to the United States District Court, Eastern District of Louisiana, as provided by law.

**WHEREFORE**, the above premises considered, Defendant, Neeb Kearney & Company, Inc., prays that Civil Action Nos. 13-12146 c/w 14-5412, pending in Civil District Court for the Parish of Orleans, State of Louisiana, be removed to this Court for trial and determination; that all further proceedings in the State Court be stayed; and that this Defendant have additional and further relief to which it may be entitled.

Respectfully submitted,

*/s/ Kevin F. Truxillo*
SCOTT P. YOUNT, Bar No. 22679
DARRIN L. FORTE, Bar No. 26885
KEVIN F. TRUXILLO, Bar No. 30769
TRAVIS L. GARRISON, Bar No. 33845
GARRISON, YOUNT, FORTE & MULCAHY, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Email: ktruxillo@garrisonyount.com
*Attorneys for defendant,*
*Neeb Kearney & Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2016, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's electronic system and by depositing same in the United States Mail, postage prepaid, and/or facsimile and/or e-mail transmission of this date.

*/s/ Kevin F. Truxillo*
KEVIN F. TRUXILLO, Bar No. 30769