UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LEROY HENRY ET AL.**                                                              **CIVIL ACTION**

**VERSUS**                                                                             **No. 16-2608**

**COOPER/T. SMITH STEVEDORING CO. ET AL.**                 **SECTION I**

ORDER AND REASONS

Before the Court is plaintiffs' motion[1] to remand this case to state court pursuant to 28 U.S.C. § 1452(b). When claims are removed because of their relationship to a bankruptcy case, Section 1452(b) permits this Court to nonetheless remand a "on any equitable ground." A court may consider a number of equitable factors when determining whether remand is appropriate. *See, e.g.*, *Marshall v. Air Liquide-Big Three, Inc.*, No. 06-9619, 2007 WL 275898, at *2 (E.D. La. 2007).

After considering all the applicable equitable factors, the Court determines that remand is in order. To be sure, plaintiffs should have moved to remand sooner. But any delay on the part of plaintiffs is dwarfed by defendant Neeb Kearney's conduct. Before removing this case, Neeb Kearney affirmatively chose to present its bankruptcy issue to the state court. Neeb Kearney only decided to remove this case (shortly before the trial date, no less) when the state court denied summary judgment on the bankruptcy issue based on what the court believed to be an insufficient evidentiary showing by Neeb Kearney on constructive notice to unknown creditors.[2]

---

[1] R. Doc. No. 41.
[2] R. Doc. No. 41-5, at 9.

This Court can think of few things more damaging to federal and state judicial comity and sound judicial management than defendants' now-I-get-a-mulligan-in-federal-court argument. This Court is not the second-shot forum for litigants when state courts resolve issues of federal law; the Louisiana appellate courts, and then ultimately the United States Supreme Court are. Accordingly, this Court denies the attempt to transform the bankruptcy removal power into some sort of habeas-type bankruptcy opinion review process, particularly where, as is here, the denial rested more on the summary judgment standard than any real substantive issue of bankruptcy law.[3]

So Neeb Kearney is returning to state court. The only remaining question is which of the remaining defendants, some of whom did not oppose remand, are going with Neeb Kearny. The railroad defendants suggest that they should remain in federal court under this Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). The Court disagrees.

28 U.S.C. § 1367(c)(4) permits this Court to "decline to exercise supplemental jurisdiction" when there are "exceptional circumstances" that provide "compelling

---

[3] The state court denied summary judgment because it found that there was a disputed question of material fact as to whether Neeb Kearney had actually published a notice to unknown creditors. R. Doc. No. 41-5, at 9. *That* issue hardly requires the expertise of a federal court. A state court is able to competently determine whether constructive notice was provided, and all Neeb Kearney needs to do to prevail on the issue is to simply put on evidence of a proper notice. *See also In re Placid Oil Co.*, 753 F.3d 151, 155 (5th Cir. 2014) ("[T]he debtor need only provide "unknown creditors" with constructive notice by publication. Publication in a national newspaper such as the *Wall Street Journal* is sufficient." (internal quotation marks and citation omitted)).

2

reasons for declining jurisdiction." This is just such a situation. The Court will not reward a transparent effort at improper forum manipulation by permitting some of the defendants to bootstrap their way into federal court via claims that should have never been removed given the prior choice to litigate them in state court. Moreover, in light of the extensive prior litigation in state court—again, the case was removed shortly before trial—the state court is far more familiar with the issues presented by this case, and it would require a significant effort for this Court to reach the same degree of expertise. Notwithstanding the time that this case has been in federal court, this Court has made little forward progress due to the time-consuming process of simply assembling the lengthy record and deciphering what transpired in state court. In any event, as the claims against Neeb Kearney and the defendants who did not object to remand are going to be remanded, it "would be a pointless waste of judicial resources" to adjudicate similar claims in both state and federal courts. *Hays Cnty. Guardian v. Supple*, 969 F.2d 111, 125 (5th Cir. 1992).

The railroad's suggestion that there may be preemption questions lurking in the background does not provide a contrary justification for keeping this case in federal court. The railroads neither argue that the state court claims are "completely preempted," *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003), nor explain why the state court will not be competent to handle whatever preemption issues may arise. The mere possibility that the state court may have to consider some issue touching on federal law does not persuade the Court of the need to exercise supplemental jurisdiction, particularly given that the standard operation of the well-pleaded

complaint rule results in state courts regularly having to address such issues. *See, e.g.*, *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) ("Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court.").

That leaves only Waterman, who is presently subject to an automatic stay. However, that does not preclude a remand. *See, e.g.*, *Hudgens v. Deer Valley Home Builders, Inc.*, No. 09-417, 2009 WL 2878052 (W.D. La. 2009); *Schaffer v. Atl. Broadcasting of Lindwood NJ, LLC*, No. 10-5449, 2011 WL 1884734, at *4 (D.N.J. 2011); *see also McCratic v. Bristol-Myers Squibb & Co.*, 183 B.R. 113, 115-16 (N.D. Tex. 1995); *cf. Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, (9th Cir. 2011) (remand "has no impact on the debtor's assets, does not impact the relative position of the creditors, and would not interrupt debtor's breathing spell."). *But see Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.*, No. 04-2780, 2004 WL 2725965 (E.D. La. 2004).

Accordingly,

**IT IS ORDERED** that this case is **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, October 17, 2016.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**